# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

m 01-10329
_____

STEVE MIDDLETON,

Plaintiff-Appellant,

VERSUS

BALL-FOSTER GLASS CONTAINER COMPANY, L.L.C.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
m 3:99-CV-964-P
_____

January 16, 2002

Before JOLLY, SMITH, and BENAVIDES,
  Circuit Judges.

PER CURIAM:*

  Steve Middleton appeals a summary judg-

  * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ment on his claims of discrimination and retaliation under the Americans with Disabilities Act and retaliation under the Texas Labor Code. We have reviewed the briefs and pertinent portions of the record and have heard the arguments of counsel.

  We conclude that the district court was correct in ascertaining that Middleton was neither disabled nor perceived as such and that there was no retaliation. The inability to per-

form a particular job does not constitute a substantial limitation on the major activity of working. *See generally Toyota Motor Mfg., Ky., Inc. v. Williams*, No. 00-1089, 2002 U.S. LEXIS 400 (U.S. Jan. 8, 2002).

The summary judgment is AFFIRMED, essentially for the reasons given by the district court in its comprehensive memorandum opinion and order entered on February 2, 2001.